UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
04-10246-PBS

UNITED STATES OF AMERICA

v.

BRIAN TODD and SHAUN TODD

**ORDER AND
<u>INITIAL STATUS REPORT</u>**

October 20, 2004

DEIN, M.J.

An Initial Status Conference was held before this court on Wednesday, October

20, 2004, pursuant to the provisions of Local Rule 116.5(A).  Based on that conference,

this court enters the following report and orders, to wit:

1.    The defendant has filed a discovery letter to which the government will
      respond.

2.    The defendant has requested expert discovery prior to trial pursuant to
      Fed. R. Crim. P. 16(a)(1)(E).  The government shall make its expert
      witness disclosures on or before November 30, 2004.  The defendant
      shall make reciprocal disclosures on or before December 30, 2004.

3.    The date for filing discovery and/or dispositive motions shall be set at the
      next status conference.

4.    In this court's view, this is not a case involving unusual or complex issues
      for which an early joint conference of the district judge and the magistrate
      judge with counsel of record would be useful.

5.    In this court's view, this is not a case involving features which would
      warrant special attention or modification of the standard schedule, except
      as provided herein.

6.      It is too early to determine whether a trial will be necessary.  If a trial is necessary, the parties anticipate that it will last 3 full days.

7.      This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of October 20, 2004 through November 29, 2004, that being the period between the Initial Status Conference and the Final Status Conference.[1]

8.      Based upon the prior order of the court dated September 8, 2004 and the order entered contemporaneously herewith, at the time of the Final Status Conference on November 29, 2004, there will be fourteen (14) days of non-excludable time under the Speedy Trial Act (October 6, 2004 - October 19, 2004) and fifty-six (56) days will remain under the Speedy Trial Act in which this case must be tried.

---

[1]   The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

9.     **A Final Status Conference has been scheduled for November 29, 2004 at at 10:15 a.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(C)(1) through (9) before the close of business no less than THREE business days prior to that Status Conference**.  **In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time                    remaining under the Speedy Trial Act before trial must commence,           as well as the total amount of time which has been excluded.**



_____/ s / Judith Gail Dein_____
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE