```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN TODD and | ) | CR. NO. 04-10246-PBS |
| SHAUN TODD | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING SUDDEN UNEXPLAINED WEALTH**

The United States of America, through its attorneys Michael J. Sullivan, United States Attorney, and Assistant United States Attorneys Donald L. Cabell and Waqar Hasib, hereby oppose the defendant's motion seeking to exclude evidence of the defendants' "alleged sudden unexplained wealth." The government expects to introduce evidence showing, among other things, that (1) Brian Todd had access to the ATM at which the theft occurred on October 16, 2000, (2) that Brian Todd was married with two children and earning approximately $20,000 per year prior to the robbery, (3) that Brian and Shaun Todd were unemployed at the time of the alleged theft, and (4) that Brian and Shaun Todd engaged in an approximate eight week spending spree of approximately $35,000 beginning *the day after the robbery.* On these facts, evidence of the defendants' "sudden wealth" is directly probative on the issue of whether they committed the theft as charged. Moreover, where the government expects to call a witness who will testify that Shaun Todd confessed the crime to her, evidence of the spending corroborates that anticipated testimony. Indeed, the

cases cited by the defendants in their motion are ones in which the courts noted that evidence of substantial spending shortly after an alleged larceny or robbery is admissible where it is surrounded by additional evidence such as the defendant's motive, ability to commit the crime, and financial circumstances. See e.g., United States v. Marshall, 248 F.3d 525, 533 (6th Cir. 2001)(spending evidence admissible in light of evidence of defendant's dire pre-crime financial state); United States v. Jones, 697 F.2d 989, 990-91 (11th Cir. 1983)(same).

    The Court therefore should deny the defendant's motion.

                      Respectfully submitted,
                        MICHAEL J. SULLIVAN
                        United States Attorney

BY:  /s/Donald L. Cabell
     DONALD L. CABELL
     S. WAQAR HASIB
     Assistant U.S. Attorneys
     One Courthouse Way, Suite 9200
     Boston, MA 02210