UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America,       )
                                )
    Plaintiff                   )
                                )
v.                              )   Docket No. 04CR10246
                                )
Brian M. Todd                   )
                                )
    Defendant                   )
                                )

## DEFENDANT'S EMERGENCY MOTION TO MODIFY SENTENCE

NOW COMES the Defendant, BRIAN M. TODD, pro se, and respectfully moves this Honorable Court to modify the Judgement entered against him, and change the terms of his sentence and place of confinement, and would state in support thereof as follows:

1. The Defendant pled guilty to the crime of bank larceny, and was sentenced on January 6, 2006 to a term of imprisonment to be followed by a period of home confinement.

2. In the Defendant's Pre-Sentence Report (PSR), the Court was made aware that the Defendant's minor child, Logan Todd, is severely handicapped, and that the need for a constant daily routine was imperative to the continued health and welfare of the minor child. See letter of February 3, 2006 from Dr. David A. Ansel, F.A.A.P. (Exhibit A).

3. The Defendant self-surrendered to Federal Medical Center Devens, Ayer, Massachusetts on January 26, 2006, and is currently assigned to the work camp, Unit I.

4. According to calculations of the Federal Bureau of Prisons staff at FMC Devens, Defendant is eligible for release on January 15, 2007 under its interpretation of 18 USC §3624(c), which has been determined to be illegal under Putnam v. Winn, 383 F.3d 17 (1st Cir. 2004) and this Court's decision in Putnam v. Winn,

1

Memorandum and Order dated July 7, 2006, Civil Action No. 06-40068-PBS.

5. Under the decisions rendered in Goldings and Putnam, and as a result thereof, the Defendant has filed a Civil Action against David L. Winn, Warden of FMC Devens, Civil Action No. 06-40142.

6. Based upon the decisions in Goldings and Putnam, it is the Defendant's belief that he is eligible for release to a halfway house or home confinement on or around August 22, 2006.

7. Recently, the Defendant was made aware of the serious problems that his incarceration has caused his family, including significant deterioration to his son, Logan's medical conditions; serious medical problems for his now estranged wife, Crystal; and serious financial issues that threaten further his son's health and well-being as well as that of his wife, Crystal, and his two stepsons.

8. As stated in the February 3, 2006 letter of Dr. David A. Ansel, (Exhibit A), Logan suffers from global development delay, generalized hypotonia, seizure disorder, hemifacial microsomia, leg length discrepancy, and macroglossia. Logan is non ambulatory and wheelchair bound. As with any severe handicapped child, Logan requires a daily routine, and any change to that routine or interruption, can have a severe and dramatic impact on his physical and mental state.

9. Prior to the Defendant's incarceration, Logan had made significant strides. The Defendant provided significant care, assisting in managing Logan's feeding, bathing, incontinence, and other physical needs, while providing the love and care that only a father can provide. The Defendant was a significant part of the minor child, Logan's, daily routine. See letter of Crystal Clark-Todd dated July 18, 2006 (Exhibit B); letter of Crystal Clark-Todd dated July 24, 2006 (Exhibit C).

10. Since the Defendant began his sentence, Logan's physical and mental condition has deteriorated significantly in that he has stopped learning to feed himself, and has been subject to more and frequent seizures. The care of Logan

requires <u>both</u> parents, and that Logan's daily routine be restored. See Exhibit B and Exhibit C, as well as Letter of Crystal Todd-Clark dated August 3, 2006 (Exhibit D).

11. Further, the Defendant providing care for Logan allows the mother, Crystal Clark-Todd to attend to the care, health, and well-being of her two sons, and relieves her of the stress of caring for a severely handicapped child, Logan.

12. In addition, the departure of the Defendant from the family home has caused the near collapse of the family unit itself, and a divorce action in Massachusetts Family Court, Essex County, Salem, Massachusetts, Civil Action No. 06D0617DV1 is pending. However, it is clear from the correspondence between the Defendant and his estranged spouse, Crystal, that reconciliation is a distinct possibility upon his release from prison. See Exhibit B, Exhibit C, Exhibit D, and letter of Crystal Clark-Todd dated August 9, 2006 (Exhibit E), second letter of Crystal Todd-Clark dated August 9, 2006 (Exhibit F).

13. The Defendant's spouse has suffered as a result of his incarceration. Crystal Clark-Todd has suffered severe emotional distress having to care for their handicapped son, Logan, her two sons, and maintain a home and the family finances. As a result of these pressures, the Defendant's estranged wife has an undiagnosed medical condition with extreme menstrual bleeding, unexplained weight loss, and unexplained hair loss. She is under a physician's care and is currently prescribed Prozac and Zantax.

14. As a result of the changes in Logan's health, Ms. Clark-Todd has had to increasingly struggle with his daily care. The family car has ceased operating, she must care for Logan herself, and as a result of these two issues alone, Logan has been unable to receive the Outpatient Physical and Speech Therapies since she neither has the means financially, an operating vehicle, and must also provide care and attendance to her two young sons.

15. The Defendant's incarceration has placed Logan, Ms. Clark-Todd, and

two young children at risk.

16. By his plea of guilty, the Defendant has accepted responsibility for his crimes. He is a first-time federal offender, and while incarcerated, has maintained an outstanding institutional work record, and has been a model prisoner.

17. The Defendant respectfully asks this Court to reconsider the sentence imposed, and to modify it to allow him to return to work. He has immediate gainful employment available with Mr. Glenn Daigle of Daigle Enterpriseds d/b/a Routerman, 12 East Dracut Road, Methuen, MA 01844, (978) 688-1181. The Defendant stands convicted of his crime, and punishment is what society demands. However, while society demands punishment for the Defendant, it does not demand that the Defendant's family, especially his handicapped son, Logan, or his wife Crystal Clark-Todd, or her two minor children be placed at risk, or suffer a punishment that can't be repaired or corrected.

18. The Defendant has reformed and will not return to any circumstance where any future crime would be considered or committed. He only wishes to return to being a productive member of society where he can contribute not only to society itself, but to the health and well-being of his family, especially providing for and in the care of their minor son, Logan. Returning the Defendant to society will also allow him to immediately support himself and his family, and to repay the restitution for the crime he committed that society demands.

19. It is in the public interest that the Defendant be allowed to return to society, and to provide for his minor son, Logan, and for his estranged wife, Crystal Clark-Todd, and that they be allowed the opportunity to attempt to reconcile and rebuild the family unit, thereby avoiding the need to seek public assistance.

20. In light of the decisions in <u>Goldings</u> and <u>Putnam</u>, the Defendant would be eligible for release to a halfway house on August 22, 2006, and in keeping with the spirit and intent of those decisions, and the requests made by the Defendant in this motion, relief should be granted.

RELIEF REQUESTED

21. The Defendant requests that he be immediately released to a halfway house in Lawrence, Massachusetts which is near to both his home and employment; or

22. That he be released to home confinement at the home of his grandparents, Emil and Dorothy Hogya, 173 Sylvester Street, Lawrence, Massachusetts until such time as the Defendant is able to secure a permanent residence of his own to serve the remaining balance of his home confinement; or

23. Any other relief or conditions that this Honorable Court may deem acceptable and prudent.

RESPECTFULLY SUBMITTED,

Date: August 14, 2006

*/s/ B. Todd*
BRIAN M. TODD
25139-038
FMC Devens, Camp I
P.O. Box 879
Ayer, MA  01432

5

CERTIFICATE OF SERVICE

I, BRIAN M. TODD, hereby certify that as of the date of this letter, a copy of the attached motion was mailed by First Class United States Mail, postage prepaid, to AUSA Donald Cabell, United States Courthouse, One Courthouse Way, Suite 2300, Boston, MA 02110. The motion was sent without Exhibits due to copy restrictions set by the Bureau of Prisons at my place of incarceration, FMC Devens, Camp I in Ayer, Massachusetts.

RESPECTFULLY SUBMITTED,

DATE: August 15, 2006

BRIAN M. TODD
25139-038
FMC Devens, Camp I
P. O. Box 879
Ayer, MA  01432