OCTOBER 30, 2006

HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
ONE COURTHOUSE WAY
BOSTON, MA  02210

RE: Criminal No.: 04-10246(PBS) United States Of America v. Brian Todd
    C.A. No.: 06-CV40142-(JLT) Todd v. Winn

Dear Judge Saris:

    This letter is in reference to the above captioned cases, specifically the Order dated September 27, 2006 by Judge Tauro where in my Modification Of Sentence movement the motion to alter my sentence was "Allowed Per Judge Tauro's Order.". In sight of this Order there are circumstances in which this Honorable Court should be made aware of.

    Since the September 27, 2006 Order I have **NOT** received a confirmed date of CCC placement. Although, what I did receive was a recommended date of November 22, 2006 in the Respondents affidavit to the Court. The Bureau Of Prisons (BOP) in its affidavit to the Court, to include but not limited to Choquette v. Winn (SARIS,J.)(D.MASS 2006) and this instant case before you, inserts a "recommended" date as the new release date without having a **FIRM** date, without having obtained the said date from any available CCC and uses this as a stumbling block, if not an outright administrative road block, in order to avoid granting any inmate the full possible relief available under the Courts Order, avoiding using the pre-December 2002 FMC Devens policy. The BOP is unable to fully comprehend that the plain reading of the Order of the Court, that in reconsidering Petitioner for CCC placement that is to act:

    "...in good faith in accordance with the **standards employed at FMC Devens prior to December 2002**..."

    The standards employed at FMC Devens prior to December 2002 are found in Goldings v Winn, 383 F.3d 17 (1st Circuit 2004) in footnote 1 at page 17. The standards in Goldings pre-December 2002 were that the majority of inmates (85% or more) received the full 6 months of CCC placement. This is the standard agreed to by the BOP and recognized by the First Circuit Court Of Appeals.

    The standards at FMC Devens prior to December 2002 are also cited in US v Bogdan, 302 F.3d 12 (1st Circuit 2002) at page 17. Bogdan was sentenced to a 366 day sentence at the Camp at FMC Devens. He served 4 months at Devens, and then under 18 U.S.C. §3624(c) and §3621(b), was sent to a halfway house (CCC) for 6 months.(serving 5 months before the halfway house referred Bogdan to 1 month of home confinement).

    I have had three meetings with staff here at FMC Devens concerning my November 22, 2006 date and the affidavit they filed with the Court, as recent as Friday October 27, 2006 with Unit Manager Carrie Hunton, in which she told me my paperwork has yet to be received for CCC placement from Philadelphia, PA. She responded to me as saying that there is no Guarantee on myself going to a CCC on November 22, 2006 regardles of the affidavit filed to the Court after it's Order dated September 27,2006. She says she would "feel comfortable going into Court having done her part". She continued on to say that here at FMC Devens there job is done per the Courts Order and is waiting on action from the CCC office in Philadelphia, PA. I at this point reminded her that the Courts Order was issued some 30 days prior and I still haven't received a firm date. At this point she told me that it hadn't been 30 days because they didn't send out the CCC packet to Philadelphia, PA for placement until October 6, 2006. I then told her that they waited until the 9th day of the 10 day Order to comply and it indeed had been thirty days since the said Order,

(1)

and I should not have to continue waiting and my family have to wonder. At this point she said to me that she wished "I hadn't run to the phone and notified my family of my new date". I at this point asked if I shouldn't have notified them of the November 22, 2006 date because it contained false and misleading information. She in turn had no comment, just stated she did not write the affidavit.

    I understand that the Court's docket is crowded and it's time is thin. I am simply seeking what I am entitled to legally, constitutionally and under the Courts Order. I would ask that the court see the memorandum filed October 19, 2006 by the Respondent on page 2 at the last paragraph it reads "On October 5, 2006, Warden Winn approved a revised assignment date for Todd to a CCC **EFFECTIVE** November 22, 2006..." I strongly bring to this COurts attention the word effective.

    The tactics of the BOP are not an "act of good faith" and only deny the relief ordered by the Courts and cause the filing of additional lawsuits and motions that unnecessarily waste precious judicial time by forcing the review of issues already decided by the Court, simply because the BOP has no fear of any form of sanctions from the Court.

    It is fundamentally unfair that the BOP should use delay tactics to avoid full compliance with the Orders of this Court and continue to force an inmate seeking his statutory and constitutional rights under 18 U.S.C §§ 3621(b) and 3624 (c) to file a lawsuit in Order to obtain relief that has already been declared not only illegal, but unconstitutional.

    Instead, the BOP delays the submission of any paperwork until the last possible date under the Court's Order that would result in a CCC date, provides the Court with recommended dates, fails to follow up on any of the paperwork, and as a result, whittles away days from the relief granted by this Court to not only this Petitioner, but the other inmates with similar Orders.

    Because your Honor's Ruling in my Modification Of Sentence Motion was per the Ruling in this mentioned said Order, I felt strongly that this needed to be brought to your Honors attention quickly.

    I would look for any movement that this Court may find appropriate and Prudent.

Very Truly Yours,

Brian M. Todd
25139 -038   UNIT I
FPC, DEVENS
PO BOX 879
AYER, MA 01432